FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10089 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00410-RTB-CRP-1 |
| v. | |
| ARNETT THOMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roger T. Benitez, District Judge, Presiding

Submitted June 9, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and BEA, Circuit Judges.

Arnett Thomas was charged with threatening a federal judge under 18

U.S.C. § 115. He was found incompetent to stand trial and was civilly committed.

After his commitment, Thomas moved to dismiss the indictment, arguing that due

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

process and a correct interpretation of the commitment statutes, 18 U.S.C. §§ 4241 and 4246, required dismissal. The district court denied the motion and Thomas appealed. After Thomas appealed, the government sought voluntary dismissal without prejudice, and the district court issued an order dismissing the indictment.

Because the indictment against Thomas has been dismissed, this appeal is moot. *See Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 963–64 (9th Cir. 2007); *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992). The district court's order denying Thomas's motion to dismiss is not "capable of repetition yet evading review." The order is suitable to review on appeal and its duration is not so short as to evade judicial review. *See United States v. Hickey*, 367 F.3d 888, 893 (9th Cir. 2004); *cf. United States v. Howard*, 480 F.3d 1005, 1009–10 (9th Cir. 2007). The mere possibility of a future indictment is, moreover, too remote to satisfy this exception. *See In re Burrell*, 415 F.3d 994, 999 (9th Cir. 2005). Nor is Thomas's appeal saved from mootness under the "voluntary cessation" exception, as there is no indication that Thomas will again be indicted while committed. *Cf. Demery v. Arpaio*, 378 F.3d 1020, 1026 (9th Cir. 2004).

Appeal **DISMISSED** as moot.